[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Plaintiffs, Leslie and Joan Srager, have applied to the court for permission to file a prejudgment attachment against the property of Elliot Koenig, Evelyn Koenig, and Stephen Lerner. They want to secure their claim against Elliot and CT Page 6227-cc Evelyn Koenig for breach of contract and their claim against Stephen Lerner for tortious interference with the contractual relationship between the plaintiffs and the Koenigs. For the reasons stated below, the court concludes that the plaintiffs are entitled to relief against Elliot and Evelyn Koenig but not against Stephen Lerner.
The Sragers claim the Koenigs breached a contract to sell to the Sragers residential property. In February of 1992, the parties signed an agreement for the purchase and sale of a residence at 1657 Fairfield Beach Road and two smaller houses at 1662 and 1664 Fairfield Beach Road. The caption on the agreement describes the document as follows: "Binder of Sale (contract)." The agreement contains the following clause: "This agreement is to remain in force and effect and constitute a contract between the parties hereto unless or until superseded by further contract between parties incorporating detailed description as hereinabove provided." Another clause in the binder agreement reads as follows: "contract of sale to be signed, and remainder of 10% deposit to be made, on or before 14 banking days after acceptance." The binder gave the Sragers CT Page 6227-dd until "4 weeks after acceptance" to obtain a mortgage on terms set forth in the agreement. After the agreement was signed, the parties proceeded to negotiate a superseding contract.
The Koenigs prepared the first draft for a new contract. The draft gave the Sragers until April 1, 1992, to obtain a mortgage loan and set forth a closing date of May 1, 1992. A second draft changed the mortgage contingency date to April 15, 1992. On March 30, 1992, the Sragers' attorney delivered to the Koenigs' attorney a revision of the second draft, which the Sragers had signed, together with a check for the balance of the deposit. The parties discussed further changes in the proposed contract on April 6 and 7, 1992. Despite these efforts, the parties never did enter into an new contract.
The Sragers did not need a loan in order to purchase the property. At all relevant times, they had ample assets which they could have quickly converted to cash. The Sragers, however, desired to obtain a loan so that they would not have to sell stocks and bonds. They applied to Citibank for a mortgage CT Page 6227-ee loan and received approval on April 13, 1992.
The Sragers learned on April 13, 1992, that the Koenigs had sold the property. The Sragers obtained this knowledge after their real estate broker called the attorney who had represented the Koenigs to tell the attorney that the Sragers had obtained approval for a mortgage loan. The attorney stated that he no longer represented the Koenigs and reported that he believed the Koenigs had sold the property.
Stephen Lerner purchased the property from the Koenigs on April 9, 1992. He had shown an interest in the property in March of 1992 and signed a "Back-Up Binder" on March 30, 1992. Before Stephen Lerner purchased the property, he had been told by a sales agent, Nancy Moore, that the Sragers had not been able to get a mortgage and had not signed a contract for the purchase of the property. Mr. Lerner had also been told by his attorney that the Srager-Koenig binder had terminated.
The Sragers claim against the Koenigs is based on the theory the binder agreement remained in force as the instrument CT Page 6227-ff governing the parties' rights and obligations since a superseding contract was never executed. The defendants, on the other hand, claim that the execution of a superseding contract of sale was a condition precedent to the completion of a binding and enforceable agreement between the plaintiffs and the Koenigs. The defendants further claim' that the clause pertaining to the signing of a new contract and payment of the remainder of the 10% deposit within 14 banking days after acceptance was also a condition precedent to the enforceability of the contract. The defendants also claim that the binder violates the statute of frauds, General Statutes 52-550, because it does not specify a closing date. This court agrees with the plaintiffs.
The language used in the binder indicates the parties intended to legally bind themselves. The binder expressly states that it is a contract and remains in force and effect "unless or until superseded by further contract." The parties did not make the execution of a superseding contract a condition precedent to the completion of a contract. They did not make the payment of the balance of the deposit within fourteen days a CT Page 6227-gg condition precedent. Contrary to the defendants' assertion, this case is distinguishable from the Appellate Court decision in Fowler v. Weiss, 15 Conn. App. 690 (1988). Here, the parties did more than express an intention to negotiate a contract in the future. They clearly expressed an intention that the agreement was to be an enforceable contract.
The binder does not violate the statute of frauds for the reason the binder can fairly be construed as providing for a closing date within sixty days of the execution of the binder. Moreover, the law will imply a reasonable time for performance if no time for performance is specified in a contract.
The Sragers have established probable cause for a claim against Elliot and Evelyn Koenig. They have shown the following factual elements of their claim. There was a contract between the Sragers and the Koenigs. The Sragers were ready and willing to close the transaction and, at all relevant times, were able to close. The Koenigs breached the contract by selling the property to Stephen Lerner instead of the Sragers. As a consequence of the Koenigs' actions, the Sragers have suffered CT Page 6227-hh as damages the difference between the market value of the property and the price for which the defendants agreed to sell the property, which difference is $210,000.00.
The Sragers have not established probable cause with respect to the claim against Stephen Lerner. The evidence fails to show that Stephen Lerner's conduct was in fact tortious. Lerner, believing that the relationship between the Sragers and Koenigs had terminated, was justified in purchasing the property. The evidence does not show that he intentionally inflicted harm on the plaintiffs.
Based upon the foregoing, the court concludes the Sragers have established probable cause for a prejudgment remedy against Elliot and Evelyn Koenig in the amount of $210,000.00 and have established cause for the Koenigs to disclose their assets. The court further finds that the Sragers have failed to establish probable cause for a claim against Stephen Lerner.
THIM, JUDGE CT Page 6227-ii